Ryan J. Cooper
Renier Pierantoni
**COOPER, LLC – COUNSELORS AT LAW**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
ryan@cooperllc.com
renier@cooperllc.com
908.514.8830 x101

Misha Isaak (pro hac vice forthcoming)
James Kilcup (pro hac vice forthcoming)
Alexandra Giza (pro hac vice forthcoming)
**STOEL RIVES LLP**
760 SW Ninth Ave. Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Email: misha.isaak@stoel.com

*Attorneys for Defendant Labels & Lists, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-I, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | CIVIL ACTION<br><br><br>Civil Acton No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

**D.N.J. LOCAL RULE 10.1 STATEMENT**

1. Plaintiffs in this action are Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev (collectively the "Plaintiffs").

2. The address for Atlas is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

3. The remaining Plaintiffs' addresses are unknown to Defendant Labels & Lists, Inc. ("L2") which is filing this Notice of Removal. L2 is unable to locate the precise addresses of plaintiffs Jane Doe-1 and Jane Doe-2, whose identities are unknown. And L2 is unable to locate the precise addresses of the remaining individual plaintiffs who, as is set forth in their complaint, are law enforcement officers who have availed themselves of New Jersey laws to conceal their addresses.

4. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012 and John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 3360.

5. Defendant L2's address is 18912 North Creek Parkway Bldg 1, Suite 201 Bothell, WA 98011.

6. L2 is represented by Ryan J. Cooper and Renier P. Pierantoni of Cooper, LLC, 108 N. Union Ave., Suite 4, Cranford, NJ 07016, and Misha Isaak, James Kilcup, and Alexandra Choi Giza, of Stoel Rives LLP, 760 SW Ninth Ave, Suite 3000, Portland, OR 97205. Mr. Isaak, Mr. Kilcup, and Ms. Giza will seek pro hac vice admission in this matter.

## DEFENDANT LABELS & LISTS, INC.'S NOTICE OF REMOVAL

Defendant L2, by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby gives notice of the removal of this civil action from the Superior Court of the New Jersey Law Division for Bergen County, Case No. BER-L-000812-24, to the United States District Court for the District of New Jersey. In support of its removal, L2 states:

### I.     PROCEDURAL BACKGROUND

1.     On February 7, 2024, Plaintiffs filed a complaint against Defendants L2, Richard Roes 1–10, and ABC Companies 1–10 in the Superior Court of New Jersey Law Division for Bergen County, captioned *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.*, Case No. BER-L-000812-24 (the "State Court Action"). In their complaint, Plaintiffs assert claims against Defendants for alleged violations of Daniel's Law (N.J.S.A. 47:1a-1, *et seq.* and N.J.S.A. 56:8–166.1). A copy of the complaint is attached hereto. *See* Declaration of Jon Criddle in Support of L2's Notice of Removal, Exhibit 1 at 28-51. L2 was served on February 26, 2024. *See id.* ¶ 2.

2.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because L2 is filing this Notice of Removal within 30 days after receipt of the Plaintiffs' initial pleading on February 26, 2024.

### II.    REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

3.     Removal is proper pursuant to 28 U.S.C § 1441 because this is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

#### A.     The State Court Action Qualifies as a Mass Action Under CAFA

4.     While Plaintiffs have not framed their suit as a class action, CAFA still provides this Court with subject matter jurisdiction. In addition to giving federal courts original

jurisdiction over certain class actions, CAFA gives the "federal courts subject matter jurisdiction over 'mass actions,' a term that includes 'any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact,' and which meet the specified jurisdictional amount requirements." *Ramirez v. Vintage Pharmaceuticals, LLC*, 852 F.3d 324, 328 (3d Cir. 2017) (quoting 28 U.S.C. § 1332(d)(11)(B)(i)). "CAFA also requires that a mass action have an aggregate amount in controversy exceeding $5,000,000 and minimal diversity among parties." *Id.*

5. "Where a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial." *Ramirez*, 852 F.3d at 329; *see also Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) ("The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the 'claims' advanced by 100 or more persons are proposed to be tried jointly.").

6. The State Court Action was filed by Plaintiffs Atlas, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan. Beyond those named parties, Atlas also "asserts claims against Defendants as the assignee of approximately 19,370 individuals who are all 'covered persons' under Daniel's Law[.]" (Compl., ¶¶ 15–24, 26.)[1] The complaint seeks $1,000 in actual damages for each alleged violation of Daniel's Law, totaling over $19 million in actual damages. (*Id.*, Prayer for Relief, ¶ B.) Additionally, Plaintiffs seek an award of punitive damages and attorneys' fees and costs. (*Id.*, Prayer for Relief, ¶¶ C–D.)

---

[1] L2 accepts as true the allegations in the complaint solely for the purpose of establishing federal jurisdiction. L2 reserves all rights to dispute all allegations in the complaint in the future.

7. The State Court Action qualifies as a mass action under CAFA because it is a civil action in which well over 100 plaintiffs seek more than $19 million in actual damages (plus punitive damages and attorneys' fees and costs), and where Plaintiffs "propose[] [that all claims] be tried jointly on the ground that [the] ... claims involve common questions of law or fact." *Ramirez*, 852 F.3d at 328 (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).

### B. The State Court Action Satisfies CAFA's Diversity Requirements

8. CAFA requires that at least one member of the putative class of plaintiffs be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This "minimal diversity" requirement is met here, as Plaintiffs' pleadings indicate that all Plaintiffs are citizens of New Jersey or, in the case of Atlas, New Jersey and Delaware. (Compl., ¶¶ 15–24, 26.)

9. L2 is a citizen of the state of Washington because it is incorporated under the laws of the state of Washington and its principal place of business is located in Bothell, Washington.

10. The twenty unidentified Defendants (Richard Roes 1–10 and ABC Companies 1–10) referenced by the complaint have no impact on diversity for CAFA purposes. *See Dintelman v. Kellog Co.*, No. CIV. 09-945, 2010 WL 520284, at *2 n.1 (S.D. Ill. Feb. 12, 2010) ("[B]ecause the CAFA requires only minimal diversity of citizenship the Court does not inquire as to the citizenship of the 1–100 Does named as Defendants[.]").

### C. The State Court Action Satisfies CAFA's Amount in Controversy Requirement

11. Under CAFA, the claims of the individual plaintiffs or class members are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6); *see also Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016) ("CAFA instructs courts 'to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed

class and determine whether the resulting sum exceeds $5 million.'") (*quoting Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). The amount in controversy requirement is met "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," unless "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (internal quotations omitted).

12. The amount in controversy is the amount of recovery that is legally possible in the litigation. "[W]hether the claims meet the jurisdictional amount depends on what damages a plaintiff could conceivably recover under state law." *Patterson v. Forever 21, Inc.*, No. 16-05087, 2018 WL 5313920, at *3 (D.N.J. 2018) (quoting *Onyuike v. Cheap Tickets, Inc.*, 435 F. App'x 137, 139 (3d Cir. 2011) (internal quotations omitted); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks. Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal quotations and citations omitted).

13. In calculating the amount in controversy, a court may consider compensatory damages, statutory damages, punitive damages, attorneys' fees authorized by statute, injunctive relief, and declaratory relief. *Grace v. T.G.I. Fridays, Inc.*, No. 14-cv-7233 RBK, 2015 WL 4523639, at *7–9 (D.N.J. July 27, 2015). A defendant need not prove that the amount in controversy is met to a legal certainty. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014). Rather, upon removal, a defendant's "plausible allegations" regarding the amount in controversy suffice. *Portillo*, 169 F. Supp. 3d at 597.

122712954.2 0079755-00004

14. Here, Plaintiffs seek "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'[.]" (Compl., Prayer for Relief, ¶ B.)

15. An award of the "actual damages" of $1,000 for the approximately 19,378 named and unnamed Plaintiffs would amount to over $19 million in damages—far exceeding the $5 million statutory requirement.

16. Plaintiffs also seek an undefined "additional amount in punitive damages ... for 'willful noncompliance'" with Daniel's Law and Plaintiffs' attorneys' fees and costs. (Compl., Prayer for Relief, ¶¶ C–D.) These damages must also be considered in determining the statutory amount in controversy. *Grace*, 2015 WL 4523639, at *7–9. Plaintiffs' ultimate recovery exceeds the $5 million threshold for this reason alone.

17. Given the nature and extent of Plaintiffs' claimed damages, the amount-in-controversy requirement is satisfied.

      **D.**    **None of the Exceptions to CAFA Apply to the State Court Action**

18. While there are express statutory exceptions to CAFA jurisdiction, none of those exceptions apply to the State Court Action.

19. Under 28 U.S.C. § 1332(D)(5)(A), certain claims involving governmental entities are exempted from CAFA jurisdiction. Defendants are not government entities, so this exception does not apply.

20. Under the claims-based exceptions, CAFA exempts class actions that solely involve a claim: (1) concerning a covered security Section 16(f) of the Securities Act of 1933 and Section 28(f)(5)(E) of the Securities Exchange Act of 1934 (28 U.S.C. § 1332(d)(9)(A)); (2) concerning internal corporate governance arising under the laws of the state where the corporation is organized (28 U.S.C. § 1332(d)(9)(B)); (3) concerning any duties related to any security as defined in the Securities Act of 1933 (28 U.S.C. § 1332(d)(9)(C)). None of these

exceptions apply to the claims asserted in the complaint.

21. Under the three geography-based exceptions, CAFA jurisdiction will not attach if various factors indicate that the action is distinctly local in nature. None of these exceptions apply here, where L2, a primary defendant, is a citizen of Washington State. *See* 28 U.S.C. § 1332(d)(3) (giving courts discretion to decline CAFA jurisdiction where, *inter alia*, the "primary defendants" are citizens of the state in which the action was originally filed); 28 U.S.C. § 1332(d)(4)(B) (requiring that federal district courts decline jurisdiction over a class action where "[g]reater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the class action was originally filed" and at least one defendant is a citizen of the state in which the action was originally filed); 28 U.S.C. § 1332(d)(4)(A) (requiring federal courts to decline to exercise jurisdiction where two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state where the class action was originally filed). Again, because the only named defendant, L2, is a citizen of Washington State, none of these geography-based exceptions apply.

### III. IN THE ALTERNATIVE, REMOVAL IS PROPER UNDER TRADITIONAL DIVERSITY JURISDICTION

22. Removal to this Court is independently supported on traditional diversity jurisdiction grounds pursuant to 28 U.S.C. § 1441(a) because diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000, excluding interests and costs, for Plaintiffs' claim. *See* 28 U.S.C. § 1332(a)(1).

#### A. There is Complete Diversity of Citizenship Between the Parties

23. A federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

-8-

24. There is complete diversity between the parties because, according to the allegations in the complaint, Plaintiffs appear to be exclusively citizens of New Jersey and, in the case of Atlas, New Jersey and Delaware, while the only identified defendant, L2, is a citizen of the state of Washington.

25. The twenty unidentified Defendants (Richard Roes 1–10 and ABC Companies 1–10) named in the complaint have no impact on diversity jurisdiction. *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, No. 03–20206, 2004 WL 1504019, at *6 (E.D. Pa. Jan. 29, 2004) ("[T]he removal statute, in relevant part, provides that 'the citizenship of defendants sued under fictitious names shall be disregarded.' 28 U.S.C. § 1441(a). Thus, for the purposes of determining whether complete diversity exists so that these actions may remain in federal court, the citizenship of John Does 1–3 is irrelevant.").

B.     **The Amount in Controversy Exceeds $75,000**

26. When federal subject matter jurisdiction is based on diversity of citizenship, the amount-in-controversy must be met by at least one plaintiff. *See Lauchheimer v. Gulf Oil*, 6 F. Supp. 2d 339, 344 (D.N.J. 1998). Punitive damages are considered when calculating amount in controversy for diversity jurisdiction purposes. *Frederico*, 507 F.3d at 199.

27. The damages sought by Plaintiff Atlas exceeds the jurisdictional minimum of $75,000. Plaintiffs allege that Plaintiff Atlas is acting upon and vindicating the interests of approximately 19,370 unnamed individuals who are all 'covered persons' under Daniel's Law. (Compl., ¶ 61.) Plaintiffs seek to recover the "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'." (*Id.*, Prayer for Relief, ¶ B.) Therefore, considering only the statutory damages sought by the single Plaintiff Atlas, Atlas seeks statutory damages in an amount exceeding $19 million.

28. Even if the claims of Plaintiff Atlas were not considered, the amount-in-

controversy requirement would still be satisfied. That is for several independent reasons:

    a.    First, Plaintiffs claim that they are each entitled to statutory damages in the amount of $1,000 "per violation." Upon information and belief, Plaintiffs will allege that a "violation" occurs each time the protected information of a "covered person" is disseminated. Therefore, any individual person may assert a claim for statutory damages in excess of $75,000 based on a contention that there were more than 75 "violations" with respect to the protected information of that person.

    b.    Second, Plaintiffs claim that they are entitled to compensatory damages in unspecified amounts. Given the allegations of the complaint—specifically, that the physical safety of "covered persons" depends on protecting their personal information from dissemination—an individual Plaintiff may claim compensatory damages in an amount that exceeds $75,000.

    c.    Third, Plaintiffs seek an undefined amount of "punitive damages, to be determined by the Court, for 'willful noncompliance' as allowed under Daniel's Law[.]" (*Id.*, Prayer for Relief, ¶ C.) "[C]laims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348 (3d Cir. 2004)) (emphasis omitted). This is so even where the amount of compensatory damages sought is low, making it unlikely that an award of punitive damages would exceed the statutory minimum, because

122712954.2 0079755-00004

        "the Court cannot say to a legal certainty at this juncture that the value of her claims is below $75,000.00." *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 207 (W.D. Pa. 2010); *see also Peerless Wall & Window Coverings, Inc. v. Synchronics, Inc.*, 85 F. Supp. 2d 519, 526 n.7 (W.D. Pa.), *aff'd*, 234 F.3d 1265 (3d Cir. 2000).

    d.    Plaintiffs seek an award for attorneys' fees and costs. (*Id.*, Prayer for Relief, ¶ D.) Where, as here, attorneys' fees are recoverable by statute, this, too, will substantiate an amount-in-controversy greater than $75,000. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 401 (3d Cir. 2016).

    e.    Finally, Plaintiffs seek injunctive relief. "In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief." *In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994). Plaintiffs allege that their physical safety depends on protecting their personal information from dissemination, and, therefore, "the value of the right sought to be protected" may exceed $75,000.

29.    Each of the above-mentioned bases supplies an independent reason that the $75,000 amount-in-controversy requirement is satisfied for each individual plaintiff, even excluding Atlas. That is because the amount-in-controversy requirement is met unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *Huber*, 532 F.3d at 243 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

## IV. L2 COMPLIED WITH ALL APPLICABLE REMOVAL STATUTES

30. As established *supra*, L2's removal is timely because L2 is filing this Notice of Removal within 30 days after receipt of Plaintiffs' initial pleading on February 26, 2024. *See* 28 U.S.C. § 1446(b)(1).

31. Removal to this Court is proper because it is the district and division embracing the Superior Court of New Jersey, Bergen County where the State Court Action was pending. *See* 28 U.S.C. § 1441(a).

32. L2 has complied with the procedural requirements in 28 U.S.C. § 1446:

    a. As required by § 1446(a), all process, pleadings, and orders served by Plaintiffs on L2 are attached as Exhibit 1 to the Declaration of Jon Criddle in Support of L2's Notice of Removal.

    b. As required by §§ 1446(a), (d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, and is being served on counsel of record.

Dated: March 25, 2024

Respectfully submitted,
COOPER, LLC

By: /s/Ryan J Cooper
Ryan J. Cooper
Renier P. Pierantoni
ryan@cooperllc.com
renier@cooperllc.com
**COOPER, LLC**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
Telephone: (908) 514-8830

Misha Isaak (*pro hac vice application forthcoming*)
misha.isaak@stoel.com
James A. Kilcup (*pro hac vice application forthcoming*)
james.kilcup@stoel.com
Alexandra Choi Giza (*pro hac vice application forthcoming*)
alexandra.giza@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Ave, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380

*Attorneys For Defendant Labels & Lists, Inc.*