

March 26, 2024

Misha Isaak
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
D. 503.294.9460
misha.isaak@stoel.com

**Via Overnight Delivery & Electronic Mail**

The Honorable Michael A. Chagares
Chief Judge
Frank R. Lautenberg Post Office and Courthouse
2 Federal Square, Room 357
Newark, NJ 07102

The Honorable Renée Marie Bumb
Chief Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:   *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.*
      No. 2:24-cv-04174 (D.N.J.)

Dear Chief Judge Chagares and Chief Judge Bumb:

Stoel Rives LLP and Cooper, LLC represent defendant Labels & Lists, Inc. (known in the marketplace as "L2") in the matter: *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.*, No. 2:24-cv-04174 (D.N.J.).  Pursuant to 28 U.S.C. § 292(b) and District of New Jersey Local Civil Rule 40.1(d) and (e), L2 respectfully requests that this case be specially assigned to an out-of-district federal judge to sit by designation in the District of New Jersey.[1]

The reasons for this request are set forth in the enclosed Memorandum in Support of Motion for Recusal, which was filed immediately upon removal of this case to federal court.  As explained therein, it would be appropriate and in the public interest for this case and others filed by Atlas Data Privacy Corporation to be adjudicated by a federal judge not connected to the horrendous tragedy that befell Judge Salas, her family, and the U.S. District Court for the District of New Jersey, and by a federal judge whose own rights as a Covered Person (as defined in the statute)

---

[1] Atlas Data Privacy Corporation has filed more than 130 nearly identical cases in New Jersey state court in the past two months.  As of this date, 34 of those cases have been removed to federal court.  It is expected that more removals are forthcoming.  For the same reasons that apply to L2's case, and in the interest of judicial economy, L2 notes the possibility of a special assignment of these removed cases to the same out-of-district federal judge.

*Atlas Data Privacy Corp., et al. v. Labels & Lists, Inc., et al.*
March 26, 2024
Page 2

are not at stake in any challenge to the constitutionality, validity, or enforceability of the New Jersey statute known as "Daniel's Law," N.J.S.A. 47:1a-1, *et seq.* and N.J.S.A. 56:8–166.1.

Although L2 has filed a Motion for Recusal, recusal is not a prerequisite to assignment to an out-of-district judge. Rather, section 292(b) provides that, "The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b). "In the public interest" is a different standard than that governing recusal and L2 respectfully submits that, for the reasons explained in the enclosed memorandum, assignment to an out-of-district judge is clearly "in the public interest" here.

We wish to make clear in this letter, as we do in the Motion for Recusal, that L2 does not mean to question the integrity or fairness of any judge. L2 and its counsel have the greatest respect for the judges of the District of New Jersey. Still, because assignment to an out-of-district federal judge is "in the public interest," pursuant to 28 U.S.C. § 292(b), L2 respectfully makes the foregoing request.

Respectfully submitted,

Misha Isaak
James Kilcup
Alexandra Giza
STOEL RIVES LLP

Ryan J. Cooper
Renier Pierantoni
COOPER, LLC – COUNSELORS AT LAW

*Counsel for Defendant Labels & Lists, Inc.*

c.c. (via CM/ECF):   Hon. William J. Martini, U.S.D.J.
Hon. James B. Clark, U.S.M.J.
Rajiv D. Parikh, Counsel for Plaintiff Atlas Data Privacy Corporation

122805176.4 0079755-00004

Ryan S. Cooper                                    Misha Isaak (pro hac vice forthcoming)
Renier Pierantoni                                  James Kilcup (pro hac vice forthcoming)
**COOPER, LLC – COUNSELORS AT LAW**                Alexandra Giza (pro hac vice forthcoming)
108 N. Union Ave., Suite 4                         **STOEL RIVES LLP**
Cranford, NJ 07016                                 760 SW Ninth Ave. Suite 3000
ryan@cooperllc.com                                 Portland, OR 97205
renier@cooperllc.com                               Telephone: (503) 224-3380
908.514.8830 x101                                  Email: misha.isaak@stoel.com

*Attorneys for Defendant Labels & Lists, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LABELS & LISTS, INC., et al.,<br><br>Defendants. | **CIVIL ACTION**<br><br>Docket No.<br><br>**NOTICE OF MOTION FOR RECUSAL**<br><br>Motion Day: May 6, 2024 |

**PLEASE TAKE NOTICE** that, on May 6, 2024, at 10:00 am or as soon thereafter that counsel may be heard, Defendant Labels & Lists, Inc. ("L2"), by and through its counsel Cooper, LLC and Stoel Rives, LLP, shall move before the United States District Court for the District of New Jersey, at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, for an order recusing the judges of the District of New Jersey from this matter so that it may be assigned to an out-of-district federal judge.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, L2 will rely on the memorandum of law and Declaration of Misha Isaak, submitted herewith.

Dated: March 25, 2024　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　COOPER, LLC

　　　　　　　　　　　　　　　　By: __/s/Ryan J. Cooper_____
　　　　　　　　　　　　　　　　　　Ryan J. Cooper
　　　　　　　　　　　　　　　　　　Renier P. Pierantoni
　　　　　　　　　　　　　　　　　　ryan@cooperllc.com
　　　　　　　　　　　　　　　　　　renier@cooperllc.com
　　　　　　　　　　　　　　　　　　**COOPER, LLC**
　　　　　　　　　　　　　　　　　　108 N. Union Ave., Suite 4
　　　　　　　　　　　　　　　　　　Cranford, NJ 07016
　　　　　　　　　　　　　　　　　　Telephone: (908) 514-8830

　　　　　　　　　　　　　　　　　　Misha Isaak (*pro hac vice application forthcoming*)
　　　　　　　　　　　　　　　　　　misha.isaak@stoel.com
　　　　　　　　　　　　　　　　　　James A. Kilcup (*pro hac vice application forthcoming*)
　　　　　　　　　　　　　　　　　　james.kilcup@stoel.com
　　　　　　　　　　　　　　　　　　Alexandra Choi Giza (*pro hac vice application forthcoming*)
　　　　　　　　　　　　　　　　　　alexandra.giza@stoel.com
　　　　　　　　　　　　　　　　　　**STOEL RIVES LLP**
　　　　　　　　　　　　　　　　　　760 SW Ninth Ave, Suite 3000
　　　　　　　　　　　　　　　　　　Portland, OR 97205
　　　　　　　　　　　　　　　　　　Telephone: (503) 224-3380

　　　　　　　　　　　　　　　　　　*Attorneys For Defendant Labels & Lists, Inc.*

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al,<br><br>Plaintiffs,<br><br>v.<br><br>LABELS & LISTS, INC., et al.,<br><br>Defendants. | **CIVIL ACTION**<br><br>**Civil Action No.** |

**DEFENDANT LABELS & LISTS, INC.'s MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL**

Ryan J. Cooper
Renier Pierantoni
**COOPER, LLC – COUNSELORS AT LAW**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
ryan@cooperllc.com
renier@cooperllc.com
908.514.8830 x101

Misha Isaak (pro hac vice forthcoming)
James Kilcup (pro hac vice forthcoming)
Alexandra Giza (pro hac vice forthcoming)
**STOEL RIVES LLP**
760 SW Ninth Ave. Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Email: misha.isaak@stoel.com

Attorneys for Defendant Labels & Lists, Inc.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii
I.   INTRODUCTION ........................................................................................................ 1
II.  LEGAL STANDARDS ................................................................................................ 3
III. ARGUMENT ................................................................................................................ 4
IV.  CONCLUSION ............................................................................................................ 7

i

# TABLE OF AUTHORITIES

Page

**Cases**

*In re Aetna UCR Litigation*,
   No. 07-3541, 2013 WL 1622160 (D.N.J. Apr. 15, 2013) ........................................................... 6

*Allen v. Parkland Sch. Dist.*,
   230 F. App'x 189 (3d Cir. 2007) ................................................................................................ 4

*Cleavenger v. McDermed*,
   No. 6:13-cv-01908-DOC (D. Or.) ............................................................................................... 6

*In re Kensington Int'l Ltd.*,
   353 F.3d 211 (3d Cir. 2003) ........................................................................................................ 4

*Liteky v. United States*,
   510 U.S. 540 (1994) .................................................................................................................... 4

*Tramonte v. Chrysler Corp.*,
   136 F.3d 1025 (5th Cir. 1998) ................................................................................................ 5, 6

*United States v. Gordon*,
   354 F. Supp. 2d 524 (D. Del. 2005) ........................................................................................... 5

*United States v. Wilensky*,
   757 F.2d 594 (3d Cir. 1985) ....................................................................................................... 3

**Statutes**

28 U.S.C. § 144 ................................................................................................................................. 3

28 U.S.C. § 292(b) ........................................................................................................................ 5, 7

28 U.S.C. § 455 ................................................................................................................................. 3

28 U.S.C. § 455(a) .................................................................................................................... 4, 5, 6

28 U.S.C. § 455(b)(4) ....................................................................................................................... 5

28 U.S.C. § 455(b)(5) ....................................................................................................................... 6

Daniel's Law ............................................................................................................................ passim

## TABLE OF AUTHORITIES
(continued)

**Page**

**Other Authorities**

https://www.danielslaw.nj.gov/ (visited March 20, 2024) ................................................................ 1

https://www.mycentraljersey.com/ story/news/local/courts/2024/02/19/daniels-law-nj-police/72631678007/ (visited March 20, 2024) ............................................................ 1

122798656.1 0079755-00004

I. INTRODUCTION

The New Jersey Legislature recently enacted "Daniel's Law," which prohibits disclosure of personal information of judges, prosecutors, law enforcement officers and their family members who request that their information not be disclosed. The law is named for Daniel Anderl, the only child of Judge Esther Salas, who was tragically murdered by a disgruntled lawyer targeting Judge Salas. On the State of New Jersey's website about Daniel's Law, in a video identifying Judge Salas as "the Voice of Daniel's Law," she explains her involvement in passage of the law. She says:

> "As Daniel's mom, shortly after my son's death, I decided that I couldn't let my son's death be in vain. Since Daniel's senseless murder, my husband Mark and I have made it our mission in life to try to save others from enduring this unfathomable pain. Protecting the lives of public servants from retaliatory threats and violence is critical if our public servants are to feel safe in their courtrooms, their offices, and their homes. Thanks to the New Jersey Legislature and Governor Murphy, we now have the protection of Daniel's Law."[1]

Judge Salas was the chief advocate for the enactment of Daniel's Law. In a heart-wrenching video-recorded plea to New Jersey policymakers just two weeks after her son's tragic death, she detailed the horrendous circumstances of her son's murder and said:

> "While my husband is still in the hospital recovering from his multiple surgeries, we are living every parent's worst nightmare, making preparations to bury our only child, Daniel. My family has experienced a pain that no one should ever have to endure. And I am here asking everyone to help me ensure that no one ever has to experience this kind of pain. Currently federal judges' addresses and other information is readily available on the internet. In addition, there are companies that will sell your personal details that can be leveraged for nefarious purposes. In my case, the monster knew where I lived, and what church we attended, and had a complete dossier on me and my family. At the moment, there is nothing we can do to stop it, and that is unacceptable. My son's death cannot be in vain. Which is why I am begging those in power to do something to help my brothers and sisters on the bench. Now more than ever we need to identify a

---

[1] "Judge Ester Salas: The Voice of Daniel's Law," https://www.danielslaw.nj.gov/ (visited March 20, 2024).

solution that keeps the lives of federal judges private. … This is a matter of life and death.[2]

The tragedy that struck Judge Salas and her family was felt by the entire community of people connected to the U.S. District Court in New Jersey, including the undersigned counsel.  Words fail to convey the sense of shock, grief, outrage, and profound empathy felt by everyone connected to this Court.  The New Jersey Legislature's swift and decisive action in response to the advocacy of Judge Salas and her husband reflect the community's strong feelings and unified sense of resolve.

Unfortunately, it appears that a cynical ploy to profit from the tragedy has been undertaken by a Delaware business entity called "Atlas Data Privacy Corporation."  Within the past several weeks, Atlas has filed more than 130 lawsuits in New Jersey state courts, purporting to have been assigned the claims of more than 19,000 individuals.  Atlas now seeks in litigation statutory damages of $1,000 per violation—presumably, at least $19 million per case, multiplied by more than 130 cases, totaling at least $2.5 billion in statutory damages alone.  Atlas also seeks compensatory damages, punitive damages, attorneys' fees, and injunctive relief.

This is one of those cases.  Defendant Labels & Lists, Inc. (known in the marketplace as "L2") is a nonpartisan provider of voter data to political campaigns, government offices, news media outlets, and universities.  L2's practice is to purge individuals' personal information when requested; L2 was never aware of any requests from Atlas for deletion of individuals' personal information under Daniel's Law.  L2 is nonetheless confronted in this case with a potentially massive liability that could put it out of business.  L2 is counting on the fairness and neutrality of the federal court system.

---

[2] "Judge Ester Salas Makes Emotional Plea After Son Slain, Husband Shot," https://www.mycentraljersey.com/story/news/local/courts/2024/02/19/daniels-law-nj-police/72631678007/ (visited March 20, 2024).

2

L2 respectfully requests that the judges of the District of New Jersey recuse from this matter and that it be assigned to an out-of-district federal judge.  There are two reasons for this unusual request.  First, L2 must be free to assert all defenses available under law—including defenses about the unconstitutionality or invalidity of Daniel's Law—and those defenses should be adjudicated by a judge whose impartiality cannot reasonably be questioned.  But, unless this case is reassigned, those defenses will call on one of Judge Salas's colleagues to decide whether the fruits of the work she described as her "mission in life" should be struck down.  L2 must be allowed to defend itself in this case without the concern that its legal positions will be perceived as denigrating the work of Judge Salas and the legacy of her son.

Second, the judges of this Court are themselves protected by Daniel's Law.  The defenses that L2 asserts in this case may therefore require the assigned judge to adjudicate his or her own rights and legal protections.  This seems especially inappropriate where the safety of one's own family may be perceived to be at stake.

With this motion, L2 does not mean to question the integrity or fairness of any particular judge.  Indeed, counsel for L2 prepared this motion before the case was removed to federal court and, thus, before knowing which judge will be assigned to it.  L2 and its counsel have the greatest respect for the judges of the District of New Jersey.  And, yet, this case would be more fairly adjudicated by a federal judge not connected to the tragedy that befell Judge Salas, her family, and this Court, and by a federal judge whose own rights are not at stake.

## II.   LEGAL STANDARDS

The decision whether to recuse from a case is within the discretion of the district judge. *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985). Two statutes govern judicial recusal: 28 U.S.C. §§ 144 and 455.

The first basis for recusal applies "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

The second basis for recusal requires that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (citing *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003)). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994).

### III.  ARGUMENT

In this case, L2 is counting on the fairness and neutrality of the federal court system. Though L2 may be termed a "data broker," it is not engaged in the dissemination of individuals' personal information "for nefarious purposes"—as Judge Salas warned about some data businesses. To the contrary, L2 is a nonpartisan provider of voter data to government offices (including the U.S. Congress and state legislatures), national news media organizations, and political campaigns at every level. Its data and services are used by the New Jersey Office of the Governor, numerous other state and federal officials in New Jersey, and the leading universities in the state. L2 is committed to the promotion of democratic principles by helping political candidates, government offices, and news media organizations to better understand and communicate with the public.

L2 denies liability in this case. L2 was never aware of any requests from Atlas for deletion of individuals' personal information under Daniel's Law. But, if Atlas wins the relief it seeks in the complaint, the massive liability could put L2 out of business. L2 must be permitted to mount a vigorous defense.

L2 has the greatest respect for and trust in the sound judgment of the judges of this Court. L2 respectfully submits that this case would be more fairly adjudicated by an out-of-district judge for two reasons. First, L2 must be allowed to defend itself in this case without the concern that its legal positions will be perceived as denigrating the work of Judge Salas and the legacy of her son. And second, the defenses that L2 asserts in this case may require the assigned judge to adjudicate his or her own rights and legal protections under Daniel's Law. Each of these is an independent reason for recusal.

L2 respectfully refers the Court to several precedents, which may guide the Court in its consideration of this motion.

In *United States v. Gordon*, 354 F. Supp. 2d 524 (D. Del. 2005), Judge Jordan (before his elevation to the Third Circuit) recused from a criminal case in which a colleague on the bench in the District of Delaware would be called as a witness and implicated in wrongdoing. Judge Jordan concluded that a case implicating the "reputational interest" of a colleague—an interest "more precious than the mere dollars at issue between the parties in most civil cases"—required recusal because his impartiality might reasonably be questioned under § 455(a). *Id.* at 529. Significantly, Judge Jordan did not just recuse himself; he "refer[red] the matter to the Chief Judge of the United States Court of Appeals for the Third Circuit with the request that it be assigned to a judge from outside of this district, pursuant to 28 U.S.C. § 292(b)." *Id.* at 530.

5

In *Tramonte v. Chrysler Corp.*, 136 F.3d 1025 (5th Cir. 1998), the Fifth Circuit considered whether a district judge should recuse when a relative could be a class-member in a putative class action. The Court held: "where a judge or an immediate family member is a member of a class [or putative class] seeking monetary relief, § 455(b)(4) requires recusal because of the judge's financial interest in the case." *Id.* at 1029. Where a more remote relative is a member of a certified class, recusal is likewise required by § 455(b)(5). *Id.* at 1030. And even where a putative class is not yet certified, the Court held, "[t]he way to guard against th[e] danger" of the judge being seen to promote the potential interests of a remote family member is that the judge "should consider" recusal under § 455(a). *Id.* at 1030-31. Though the instant case is not a class action, similar concerns are implicated where is judge is called upon to decide the constitutionality, validity, lawfulness, or scope of a law that affords special protections to them and their family members.

The rationale of *Tramonte* was adopted by Judge Chesler of this Court in the more recent case *In re Aetna UCR Litigation*, No. 07-3541, 2013 WL 1622160, at *3 (D.N.J. Apr. 15, 2013). There, as in *Tramonte*, the circumstances giving rise to recusal involved the judge's personal connection to a class action.

Of course, case law on the subject of recusal is limited because judges often recuse and cases are reassigned without explanation. In one case of which counsel is aware, *Cleavenger v. McDermed*, No. 6:13-cv-01908-DOC (D. Or.), the case was referred by the assigned trial judge "to the case assignment committee for reassignment to another Judge from outside of the Eugene Division" because the plaintiff was a law clerk at the court. *See id.* at ECF #20. Ultimately, the case was assigned to an out-of-district judge sitting by designation. *See id.* at ECF #21 (assigning case venued in the District of Oregon to Judge Carter of the Central District of California).

6

Though there was no public explanation for the out-of-district reassignment, one can infer from the circumstances that it related to the plaintiff's identity as a law clerk who was known by all of the judges in the district.

The Chief Judge of the U.S. Court of Appeals for the Third Circuit "may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b). Accordingly, a copy of this motion will be provided to Chief Judge Chagares (as well as Chief Judge Bumb) together with a request that, in the public interest, an out-of-district judge be assigned to preside over this case by designation. As mentioned above, more than 130 cases like this one were filed in New Jersey state court, several of which have been removed to federal court. *See, e.g.*, No. 2:24-cv-03993 (D.N.J.), No. 2:24-cv-04041 (D.N.J.), No. 2:24-cv-04045 (D.N.J.), No. 2:24-cv-04037 (D.N.J.), No. 3:24-cv-03998-MAS-TJB (D.N.J.), No. 3:24-cv-04000 (D.N.J.). L2 will respectfully suggest to Chief Judge Chagares and Chief Judge Bumb that these cases, together, be assigned to the same out-of-district judge for consolidated case management.

## IV. CONCLUSION

For the foregoing reasons, L2 respectfully requests that the judges of the District of New Jersey recuse from this matter so that it may be assigned to an out-of-district federal judge.

| | |
|---|---|
| Dated: March 25, 2024 | Respectfully submitted,<br>COOPER, LLC<br><br>By:   /s/Ryan J. Cooper<br>    Ryan J. Cooper<br>    Renier P. Pierantoni<br>    ryan@cooperllc.com<br>    renier@cooperllc.com<br>    **COOPER, LLC**<br>    108 N. Union Ave., Suite 4<br>    Cranford, NJ 07016<br>    Telephone: (908) 514-8830<br><br>    Misha Isaak (*pro hac vice application forthcoming*)<br>    misha.isaak@stoel.com<br>    James A. Kilcup (*pro hac vice application forthcoming*)<br>    james.kilcup@stoel.com<br>    Alexandra Choi Giza (*pro hac vice application forthcoming*)<br>    alexandra.giza@stoel.com<br>    **STOEL RIVES LLP**<br>    760 SW Ninth Ave, Suite 3000<br>    Portland, OR 97205<br>    Telephone: (503) 224-3380<br><br>    *Attorneys For Defendant Labels & Lists, Inc.* |

122798656.1 0079755-00004

Ryan J. Cooper
Renier Pierantoni
**COOPER, LLC – COUNSELORS AT LAW**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
ryan@cooperllc.com
renier@cooperllc.com
908.514.8830 x101

Misha Isaak (pro hac vice forthcoming)
James Kilcup (pro hac vice forthcoming)
Alexandra Giza (pro hac vice forthcoming)
**STOEL RIVES LLP**
760 SW Ninth Ave. Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Email: misha.isaak@stoel.com

*Attorneys for Defendant Labels & Lists, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES *1-10, fictitious names of unknown entities,* <br><br> Defendants. | CIVIL ACTION <br><br> Civil Action No. <br><br><br> **DECLARATION OF MISHA ISAAK IN SUPPORT OF MOTION FOR RECUSAL** <br><br> BY DEFENDANT LABELS & LISTS, INC. |

I, Misha Isaak, do hereby declare as follows:

1. I represent defendant Labels & Lists, Inc. ("L2") in the above-captioned matter. I am an attorney licensed in Oregon and my application to appear pro hac vice in this matter is forthcoming. I am above age 18 and make these statements to the best of my personal knowledge and belief.

2. On a state website about a New Jersey statute called "Daniel's Law," in a video identifying Judge Salas as "the Voice of Daniel's Law," she explains her involvement in passage of the law and says (as transcribed by me):

> "As Daniel's mom, shortly after my son's death, I decided that I couldn't let my son's death be in vain. Since Daniel's senseless murder, my husband Mark and I have made it our mission in life to try to save others from enduring this unfathomable pain. Protecting the lives of public servants from retaliatory threats and violence is critical if our public servants are to feel safe in their courtrooms, their offices, and their homes. Thanks to the New Jersey Legislature and Governor Murphy, we now have the protection of Daniel's Law."

("Judge Ester Salas: The Voice of Daniel's Law," https://www.danielslaw.nj.gov/ (visited March 20, 2024).)

3. In a video-recorded plea to New Jersey policymakers just two weeks after her son's tragic death, Judge Salas detailed the horrendous circumstances of her son's murder and said (as transcribed by me):

> "While my husband is still in the hospital recovering from his multiple surgeries, we are living every parent's worst nightmare, making preparations to bury our only child, Daniel. My family has experienced a pain that no one should ever have to endure. And I am here asking everyone to help me ensure that no one ever has to experience this kind of pain. Currently federal judges' addresses and other information is readily available on the internet. In addition, there are companies that will sell your personal details that can be leveraged for nefarious purposes. In my case, the monster knew where I lived, and what church we attended, and had a complete dossier on me and my family. At the moment, there is nothing we can do to stop it, and that is unacceptable. My son's death cannot be in vain. Which is why I am begging those in power to do something to help my brothers and sisters on the bench. Now more than ever we need to identify a solution that keeps the lives of federal judges private. … This is a matter of life and death.

("Judge Ester Salas Makes Emotional Plea After Son Slain, Husband Shot," https://www.mycentraljersey.com/ story/news/local/courts/2024/02/19/daniels-law-nj-police/72631678007/ (visited March 20, 2024).)

4. It is my understanding that Judge Salas was the chief advocate for Daniel's Law and that the tragedy that befell her family was the catalyzing event that led to passage of the law. It is my understanding that the law is named for her son Daniel and is thought of as his legacy.

5. It is my understanding that a primary public policy motivating passage of the law was protection of judges on the federal bench in New Jersey and their families. It is further my understanding that the law protects judges on the federal bench in New Jersey and members of their families as "covered persons" under the law.

6. I am aware that the tragedy that struck Judge Salas and her family was felt by the entire community of people connected to the U.S. District Court in New Jersey, including myself, as a former law clerk of the Court.

7. While it is premature to determine what defenses my client, L2, will assert in this case, there is a reasonable probability this case will require adjudication of whether Daniel's Law's is unconstitutional, preempted by federal law, or invalid for other reasons—either on its face or as applied in this case.

8. My client, L2, is a nonpartisan provider of voter data to government offices (including the U.S. Congress and state legislatures), national news media organizations, and political campaigns. I am informed that its data and services are used by the New Jersey Office of the Governor, numerous other state and federal officials in New Jersey, and the leading universities in the state.

9. Because my client provides data about voters, including voters in New Jersey, it is a reasonable inference that the data it provides to customers includes information about judges in the District of New Jersey and members of their families.

10. In view of the foregoing facts, I have a good-faith basis for concern that judges in the District of New Jersey will have personal bias or prejudice against my client, L2, and in favor of the plaintiffs in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct. Pursuant to 28 U.S.C. § 144, I certify that this declaration, the statements made herein, and the accompanying motion and memorandum are all made and submitted in good faith.

Dated: March 25, 2024

_____
Misha Isaak

-4-