Ryan J. Cooper
Renier Pierantoni
**COOPER, LLC – COUNSELORS AT LAW**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
ryan@cooperllc.com
renier@cooperllc.com
908.514.8830 x101

Misha Isaak (admitted *pro hac vice*)
James Kilcup (admitted *pro hac vice*)
Alexandra Giza (admitted *pro hac vice*)
**STOEL RIVES LLP**
760 SW Ninth Ave. Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Email: misha.isaak@stoel.com

*Attorneys for Defendant Labels & Lists, Inc.*

## UNITED STATE DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LABELS & LISTS, INC., RICHARD ROES 1-1*0, fictitious names of unknown individuals* and ABC COMPANIES *1-10, fictitious names of unknown entities,*<br><br>Defendants. | Civil Action No. 1:24-cv-4174-HB<br><br><br>**DEFENDANT LABELS & LISTS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND** |

For its Answer and Affirmative Defenses in response to the Complaint by Atlas Data

Privacy Corporation as the assignee of individuals who are Covered Persons under Daniel's Law

(P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:7-166.1) (hereinafter

"Daniel's Law"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney,

Patrick Colligan, Peter Andreyev, and William Sullivan (collectively "Plaintiffs"), Defendant

Label's & Lists, Inc. ("Defendant" or "L2") admits, denies, and alleges as follows:

## INTRODUCTION

1.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.    L2 denies the allegations of Paragraph 2 of the Complaint.

3.    L2 lacks sufficient knowledge or information to admit or deny the allegations in the first and third sentences of Paragraph 3 of the Complaint, and therefore denies them. L2 denies the remaining allegations of Paragraph 3 of the Complaint.

4.    Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 4 of the Complaint.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.    L2 admits the allegations of the first and fourth sentences of Paragraph 5 of the Complaint. L2 lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies them.

7.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies them.

### New Jersey Passes Daniel's Law in 2020

8.    Answering the first sentence of Paragraph 8 of the Complaint, L2 admits that in November 2020, New Jersey enacted Daniel's Law, and that the text of Daniel's Law speaks for itself. The second sentence of Paragraph 8 of the Complaint states legal conclusions to which no response is required. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 8 of the Complaint.

9.    Answering Paragraph 9 of the Complaint, L2 admits that the text of Daniel's Law speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of Paragraph

9 of the Complaint.

### Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022

10.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies them.

11.    Answering Paragraph 11 of the Complaint, L2 admits that the text of the Daniel Anderl Judicial Security and Privacy Act speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 11 of the Complaint.

12.    Answering Paragraph 12 of the Complaint, L2 admits that the U.S. Senate passed, and President Biden signed, the Daniel Anderl Judicial Security and Privacy Act. L2 lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 of the Complaint, and therefore denies them.

### Violence Against Police Officers and Judges Has Not Stopped

13.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies them.

14.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore denies them.

### THE PARTIES

### The Individual Plaintiffs

15.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies them.

16.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies them.

18.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19.    L2 lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 19 of the Complaint, and therefore denies them.

20.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies them.

23.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies them.

**Plaintiff Atlas and its Assignors**

25.    L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26.    Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 28 of the Complaint.

29.    L2 denies the allegations of Paragraph 29 of the Complaint.

30.    Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 30 of the Complaint.

31.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore denies them.

32.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.     Paragraph 36 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 36 of the Complaint.

**<u>Defendants</u>**

37.     Paragraph 37 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 37 of the Complaint.

38.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore denies them.

39.     Paragraph 39 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 39 of the Complaint.

40.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, as it is unclear what the subject of Paragraph 40 is, and therefore denies them.

41.     Paragraph 41 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 41

of the Complaint.

## JURISDICTION AND VENUE

42.     Paragraph 42 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 43 of the Complaint.

## FACTS COMMON TO ALL COUNTS

44.     Answering Paragraph 44 of the Complaint, L2 admits that in November 2020, New Jersey enacted Daniel's Law. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 44 of the Complaint.

45.     Answering Paragraph 45 of the Complaint, L2 admits that the text of Daniel's Law speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 45 of the Complaint.

46.     Answering Paragraph 46 of the Complaint, L2 admits that the text of Daniel's Law speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Answering Paragraph 47 of the Complaint, L2 admits that the text of Daniel's Law speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 47 of the Complaint.

48.     L2 admits the allegations of Paragraph 48 of the Complaint.

49.     Answering Paragraph 49 of the Complaint, L2 admits that the text of Daniel's Law speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of Paragraph 49 of the Complaint.

50.     Answering Paragraph 50 of the Complaint, L2 admits that the text of Daniel's Law speaks for itself. Except as expressly admitted, L2 denies the remaining allegations of

Paragraph 50 of the Complaint.

51.     The allegation in Paragraph 51 that requests were "sent … in accordance with Daniel's Law" is a legal conclusion to which no response is required. L2 lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 51 of the Complaint, and therefore denies them.

52.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 52 of the Complaint, and therefore denies them.

53.     L2 denies the allegations of Paragraph 53 of the Complaint.

54.     L2 denies the allegations of Paragraph 54 of the Complaint.

55.     L2 lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Complaint, and therefore denies them.

56.     Paragraph 56 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, L2 denies the allegations of Paragraph 56 of the Complaint.

## COUNT I

### (Daniel's Law)

57.     Answering Paragraph 57 of the Complaint, L2 incorporates all prior responses to the allegations in the Complaint.

58.     L2 denies the allegations of Paragraph 58 of the Complaint.

59.     L2 denies the allegations of Paragraph 59 of the Complaint.

60.     L2 denies the allegations of Paragraph 60 of the Complaint.

61.     L2 denies the allegations of Paragraph 61 of the Complaint.

62.     L2 denies the allegations of Paragraph 62 of the Complaint.

63.     L2 denies the allegations of Paragraph 63 of the Complaint.

64.     L2 denies that Plaintiffs are entitled to any of the relief prayed for on page 22 of the Complaint.

## PRAYER

65.     WHEREFORE, L2 prays that the Complaint be dismissed with prejudice, that Plaintiffs take nothing thereby, and that L2 be awarded its costs of this action and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

L2 asserts the following defenses and affirmative defenses to the Complaint. L2 does not concede that it has the burden of proof with respect to any of the following defenses.

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred because this Court lacks personal jurisdiction over L2.

3.     Plaintiffs lack standing to assert one or more of their claims. Among other things, Plaintiffs have not sustained any injury, cognizable damage, or other harm as a result of conduct alleged in the Complaint.

4.     Plaintiffs' claims are barred, in whole or in part, because at all times relevant to this matter, L2 acted in good faith and complied with all applicable laws, including Daniel's Law.

5.     Plaintiffs' claims are barred, in whole or in part, because Atlas is not an appropriate assignee under Daniel's Law because one or more of the assignors are invalid.

6.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the requirements of Daniel's Law, which is necessary to trigger any obligations by L2 under Daniel's Law.

7.     Plaintiffs' claims are barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

8.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands because, among other things, Plaintiffs' intentional delay in sending takedown notices and in a matter that was intended to facilitate or cause non-compliance.

9.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' actions

constitute entrapment because they sent the takedown notices in a burdensome manner and failed or refused to respond to L2's inquiries regarding the notices.

10.    Plaintiffs' claims are barred, in whole or in part, because any lack of performance was due to, among other things, Plaintiffs' intentional delay in sending takedown notices and in a matter that was intended to facilitate or cause non-compliance, which made performance impossible.

11.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs failure to mitigate their damages, including but not limited to Plaintiffs' intentional delay in sending takedown notices, and failure or refusal to respond to L2's inquiries regarding the notices.

12.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused by the conduct of third parties over whom L2 has no control.

13.    Plaintiffs' claims are barred, in whole or in part, by the absence of any recoverable damages.

14.    To the extent L2 is found to be liable to Plaintiffs, L2 is entitled to equitable indemnification from Atlas.

15.    Plaintiffs' claim for liquidated damages fails to the extent that such damages would constitute an impermissible penalty, fails to reasonably relate to any claimed actual damages, or otherwise violates due process of law.

16.    Plaintiffs' claim for punitive damages fails to the extent that the Complaint fails to state facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles, including due process of law.

17.    Plaintiffs' claims for injunctive relief fail to the extent that they have not set forth any basis for such relief, including as to Atlas, which is not a "Covered Person."

18.    Plaintiffs' claims are barred because Daniel's Law may not be enforced against L2 because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against L2 under the facts of this case would violate the United

States and/or New Jersey Constitutions.

19.    Plaintiffs' claims are barred, in whole or in part, because they are frivolous, and therefore in violation of N.J.S.A. 2A:15-59.1.

20.    L2 reserves the right to rely on all further affirmative defenses that become available or apparent during proceedings in this action. L2 further reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

## COUNTERCLAIMS

BY WAY OF COUNTERCLAIMS, Defendant/Counterclaimant Labels & Lists, Inc. ("L2"), by and through its undersigned counsel, alleges as follows:

### PARTIES AND JURISDICTION

1.    L2 is a Washington corporation with its principal place of business in Bothell, Washington.

2.    L2 is a small, family-owned and operated business. L2's business primarily consists of gathering voter data from public sources, compiling and enriching that data, and then licensing its voter data files to clients across the country. L2's clients include the U.S. Congress, which uses L2's voter data for purposes of constituent services, political advocacy organizations that use voter data for targeted advertising, and political campaigns that use L2's data for canvassing and "Get Out The Vote" efforts. L2's clients also include the New Jersey Office of the Governor and the New Jersey Legislature.

3.    Upon information and belief, at all relevant times, Plaintiff Atlas Data Privacy Corporation ("Atlas") is a Delaware corporation organized under the laws of the State of Delaware with its offices located at 201 Montgomery Street, Suite 263, Jersey City, New Jersey.

4.    Upon information and belief, at all relevant times, Plaintiff Jane Doe-1 is or was a law enforcement officer working in Northern New Jersey.

5.    Upon information and belief, at all relevant times, Plaintiff Jane Doe-2 is or was a law enforcement officer living in Northern New Jersey.

6.    Upon information and belief, at all relevant times, Plaintiff Edwin Maldonado is

or was a detective for the Plainfield, New Jersey police department.

7.      Upon information and belief, at all relevant times, Plaintiff Scott Maloney is or was a police officer for the Rahway, New Jersey police department.

8.      Upon information and belief, at all relevant times, Plaintiff Justyna Maloney is or was a police officer for the Rahway, New Jersey police department.

9.      Upon information and belief, at all relevant times, Plaintiff Patrick Colligan is or was a law enforcement officer for the Franklin Township police department in Somerset, New Jersey.

10.     Upon information and belief, at all relevant times, Plaintiff Peter Andreyev is or was a law enforcement officer for the Point Pleasant, New Jersey police department.

11.     Upon information and belief, at all relevant times, Plaintiff William Sullivan is or was a law enforcement officer for New Jersey Department of Corrections.

## FACTS COMMON TO ALL COUNTERCLAIMS

### Daniel's Law

12.     The New Jersey Legislature enacted "Daniel's Law" to "enhance the safety and security" of judges, law enforcement officers, and other government officials. 2020 N.J. Sess. Law Serv. Ch. 125.

13.     Under Daniel's Law "any covered person" (defined to include current and former judges, law enforcement officers, and certain other public officials, as well as immediate family members residing in the same household) may "prohibit the disclosure of the[ir] home address or unpublished home telephone number" by any "person, business, or association." N.J.S.A. 56:8-166.1(a)(2), (d).

14.     Under Daniel's Law, upon receipt of "written notice" that a covered person "is seeking nondisclosure," the recipient "shall not disclose or re-disclose on the Internet or otherwise make available" the covered person's information. N.J.S.A. 56:8- 166.1(a)(1), (2).

15.     Daniel's Law requires compliance "not later than 10 business days following receipt" of a notice, without exception. N.J.S.A. 56:8-166.1(a)(1). If the ten-day deadline is not

met, "the covered person or the covered person's assignee" can "bring a civil action." N.J.S.A. 56:8-166.1(b).

16.    Daniel's Law broadly defines "disclose" as "to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer." N.J.S.A. 56:8-166.1(d).

17.    The definition also includes making information "available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." N.J.S.A. 56:8-166.1(d).

18.    Daniel's Law provides that a "court shall award" "actual" damages "not less than" "$1,000 for each violation," which it calls "liquidated damages." N.J.S.A. 56:8-166.1(c) (emphasis added).

19.    Daniel's Law permits "covered persons" to assign their claims for money damages. N.J.S.A. 56:8-166.1(b)

20.    Daniel's Law also provides mandatory awards for attorney's fees and litigation costs, and for "punitive damages upon proof of willful or reckless disregard of the law." *Id.*

### Unconstitutionality of Daniel's Law

21.    Daniel's Law operates as a direct prohibition on what people can say about certain public officials.

22.    Daniel's Law applies without regard for the source of information being disclosed, thereby prohibiting even republication of information available in public records.

23.    Daniel's Law restricts private entities from publishing information the government itself has made, and continues to make, publicly available. As such, Daniel's Law subjects private entities to civil damages for reproducing information released by the government.

24.    The assignment provisions of Daniel's Law incentivize profit-seeking companies to aggregate nondisclosure notices, send them in a manner that makes prompt compliance impractical or impossible.

25.    Because a company can aggregate claims on behalf of individuals who have not been verified as covered persons, private entities have no choice but to self-censor upon becoming aware of any notice.

26.    Although Daniel's Law restricts disclosure of "unpublished home telephone numbers," it does not define that term or provide any direction as to what qualifies as a "home" number or what makes a number "unpublished." The result is that all personal telephone numbers could be considered "unpublished"—even though they are often widely available.

27.    Although Daniel's Law restricts every disclosure by a private entity that receives a nondisclosure notice, the Law allows the same information to be disclosed with impunity by covered persons themselves. The result is that civil lawsuits for liquidated damages can, and will, be prosecuted even when covered persons choose to self-publish their contact information online, as several of the named Plaintiffs have done.

28.    L2 collects its data directly from the state of New Jersey.

29.    L2 licenses New Jersey voter information to clients including the Office of the New Jersey Governor and the New Jersey General Assembly. These clients in turn use L2's voter data for campaigning, voter outreach, policy advocacy, fundraising, among other political-related purposes. Each activity represents core political speech by L2's clients.

**Atlas's 19,000 Purported "Notices"**

30.    In late 2023, Atlas alleges that it sent a flood of 19,000 emails to L2's Gmail account, purportedly on behalf of covered persons who opted to not have their address and phone number disclosed by data brokers under the Act.

31.    The emails sent to L2's Gmail account contained no information demonstrating persons were covered.

32.    After becoming aware of Atlas's allegations and receiving from Atlas a list of persons who Atlas maintained had sent an optout email to L2, L2 quickly removed from its licensed data files the information of all relevant covered persons.

33.    As a result of L2 redacting information of covered persons, L2's customers—

including political campaigns, government offices (such as the New Jersey Legislature), and news media organizations—do not have access to redacted information. This means that, for example, political campaigns cannot reach covered persons who requested redaction through Atlas by direct mail, door-knocking, and other traditional modes of voter engagement.

34.    L2 is among the 100+ defendants sued by Plaintiff Atlas in early 2024 in New Jersey Superior Court for alleged failures to comply with Daniel's Law in the face of the 19,000 emails it sent to L2's Gmail account.

## FIRST COUNTERCLAIM

### (Declaratory Judgment as to Facial Unconstitutionality of Daniel's Law)

35.    In support of its First Counterclaim, L2 incorporates by reference paragraphs 1–34 above, as if fully set forth herein.

36.    An actual justiciable controversy has arisen between the L2 and Plaintiffs regarding whether Daniel's Law is facially constitutional, and therefore whether L2 can be liable to Plaintiffs under Daniel's Law.

37.    L2 respectfully requests this Court issue a declaration that Daniels' Law is facially unconstitutional.

## SECOND COUNTERCLAIM

### (Declaratory Judgment as to Unconstitutionality of Daniel's Law As-Applied to L2)

38.    In support of its Second Counterclaim, L2 incorporates by reference paragraphs 1–37 above, as if fully set forth herein.

39.    An actual justiciable controversy has arisen between the L2 and Plaintiffs regarding whether Daniel's Law is constitutional as-applied to L2, and therefore whether L2 can be liable to Plaintiffs under Daniel's Law for disclosure of voter data that it lawfully obtained from the State of New Jersey.

40.    L2 respectfully requests this Court issue a declaration that as applied to L2, Daniels' Law is a content-based restriction on political speech, and that L2 is permitted to provide voter data that it lawfully obtained from the State of New Jersey.

150436677.1 0079755-00004

**PRAYER FOR RELIEF**

WHEREFORE, L2 prays for a judgment against Plaintiffs as follows:

      1.      That the Plaintiffs' claims be dismissed, with prejudice.

      2.      On its First Counterclaim, that this Court enter a judgment in favor of L2 declaring that Daniels' Law is facially unconstitutional.

      3.      On its Second Counterclaim, that this Court enter a judgment in favor of L2 declaring that, as applied to L2, Daniels' Law is a content-based restriction on political speech, and that L2 is permitted to provide voter data that it lawfully obtained from the State of New Jersey.

      4.      For such other relief as this Court shall deem just and equitable.

**<u>JURY DEMAND</u>**

L2 hereby demands trial by jury.

Dated: October 3, 2025.                    Respectfully submitted,
                                           COOPER, LLC

                                    By:   *s/ Ryan J. Cooper*
                                           Ryan J. Cooper
                                           Renier P. Pierantoni
                                           ryan@cooperllc.com
                                           renier@cooperllc.com
                                           **COOPER, LLC**
                                           108 N. Union Ave., Suite 4
                                           Cranford, NJ 07016
                                           Telephone: (908) 514-8830

                                           Misha Isaak (admitted *pro hac vice*)
                                           misha.isaak@stoel.com
                                           James A. Kilcup (admitted *pro hac vice*)
                                           james.kilcup@stoel.com
                                           Alexandra Choi Giza (admitted *pro hac vice*)
                                           alexandra.giza@stoel.com
                                           **STOEL RIVES LLP**
                                           760 SW Ninth Ave, Suite 3000
                                           Portland, OR 97205
                                           Telephone: (503) 224-3380

                                           *Attorneys For Defendant Labels & Lists, Inc.*

150436677.1 0079755-00004