## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No.: 1:24-cv-4174-HB |

### PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS DEFENDANT LABELS & LISTS, INC.'S COUNTERCLAIMS

**PORZIO, BROMBERG & NEWMAN, P.C.**
Vito A. Gagliardi, Jr., Esq.
Alfred R. Brunetti, Esq.
Sarah A. Wisniewski, Esq.
100 Southgate Parkway
Morristown, New Jersey 07960

**PEM LAW LLP**
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Jessica A. Merejo, Esq.
1 Boland Drive, Suite 101
West Orange, New Jersey 07052

Dated: January 16, 2026

*Counsel for Plaintiffs Atlas Data Privacy Corporation, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan*

10127646

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY........................................................... 2

LEGAL ARGUMENT ......................................................................................................................... 3

      I.      COUNTERCLAIM ONE MUST BE DISMISSED AS DANIEL'S LAW IS
            CONSTITUTIONAL ON ITS FACE ............................................................................. 3

      II.     COUNTERCLAIM TWO FAILS AS A MATTER OF LAW ...................................... 3

            A.     Defendant Fails To Identify Any Specific Speech It Engages in That
                   Would Constitute Political Speech. ...................................................................... 3

            B.     Daniel's Law Satisfies Both The *Florida Star* Test and Strict Scrutiny............ 5

CONCLUSION .................................................................................................................................... 7

CERTIFICATE OF SERVICE ........................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Atlas Data Priv. Corp. v. We Inform, LLC,* 758 F. Supp. 3d 322 (D.N.J. 2024) ......................... 3, 5

*Atlas Data Privacy Corp. v. Sterling Data Company, LLC*, No. 1:25-cv-09963-HB (D.N.J.) (ECF No. 16-1) ............................................................................................................ 3

*Brayshaw v. City of Tallahassee, Fla.*, 709 F. Supp. 2d 1244 (N.D. Fla. 2010) ......................... 4, 5

*Kratovil v. City of New Brunswick*, 261 N.J. 1 (2025) .................................................................. 6

*Publius v Boyer-Vine*, 237 F. Supp. 3d 997 (E.D. Cal. 2017) .................................................... 4, 5

### **RULES**

Local Rule 7.1(d)(4) ...................................................................................................................... 3

**PRELIMINARY STATEMENT**

Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively "Plaintiffs") submit this Memorandum of Law in further support of Plaintiffs' Motion to Dismiss Defendant's Counterclaims. Defendant's opposition begins by acknowledging that Daniel's Law is constitutional on its face, and Counterclaim One must be dismissed. Defendant's opposition, however, fails to present any cognizable legal argument to support its as-applied constitutional challenge. Instead, Defendant's opposition raises two meritless points: (1) Defendant is entitled to heightened protections under the First Amendment for political speech because Defendant's <u>clients</u> use data licensed by Defendant to engage in political speech; and (2) Daniel's Law fails to satisfy strict scrutiny because it is not narrowly tailored to support the State's compelling interest in protecting the safety of covered persons. These arguments ignore the Court's prior decisions and fail to cure the deficiencies inherent in Counterclaim Two.

As to Defendant's first argument, Defendant's opposition neglects to state the speech, if any, in which Defendant engages that qualifies as protected political speech. Defendant's association with political entities and possession of data, by itself, does not turn the licensing of said data into political speech. Whether speech qualifies as political speech is a context-specific analysis. Without specifying what speech is at issue, Defendant's counterclaims fail to meet the heightened pleading standard that applies in federal courts.

Regarding Defendant's second argument, asserting that strict scrutiny must be used to evaluated Defendant's as-applied challenge, Defendant fundamentally misunderstands the import of the *Florida Star* test. The *Florida Star* resolves the tension between the First Amendment and privacy statutes, like Daniel's Law. By arguing that strict scrutiny must apply, Defendant try to "have their cake and eat it too." Defendant argues both that Daniel's Law, a privacy statutes, impedes its First

1

Amendment rights, but contend that the *Florida Star* test, a test specifically crafted to resolve this tension, should not apply. Moreover, Defendant's counterclaims and opposition to the instant motion fail to allege any facts that would alter this Court's prior analyses which determined that Daniel's Law satisfies the *Florida Star* test.

Accordingly, Plaintiffs respectfully submit that this Court should grant Plaintiffs' Motion to Dismiss Defendant's Counterclaims in their entirety, and in accordance with this Court's prior decisions.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff relies on the statement of facts and procedural history set forth in its moving brief.

**LEGAL ARGUMENT**

**I.    COUNTERCLAIM ONE MUST BE DISMISSED AS DANIEL'S LAW IS CONSTITUTIONAL ON ITS FACE.**

Defendant correctly acknowledges that the Court has already determined Daniel's Law is constitutional on its face. (ECF No. 85 at 9); *see also Atlas Data Priv. Corp. v. We Inform, LLC,* 758 F. Supp. 3d 322 (D.N.J. 2024). Accordingly, this Court should grant Plaintiffs' Motion to Dismiss Counterclaim One. Plaintiffs' pending matters in the Third Circuit and before the New Jersey Supreme Court are of no moment for Defendant. Counterclaim One cannot survive a motion to dismiss based upon hypothetical future rulings from other courts.

**II.    COUNTERCLAIM TWO FAILS AS A MATTER OF LAW.**

Preliminary, Plaintiffs wish to clarify that, contrary to Defendant's assertion, Plaintiffs do not argue that this Court already resolved Defendant's as-applied challenge. (ECF No. 85 at 10). Instead, the issues raised in Defendant's as-applied challenge are identical to the issues raised by Sterling Data Company, LLC in a motion for judgment on the pleadings. *Atlas Data Privacy Corp. v. Sterling Data Company, LLC*, No. 1:25-cv-09963-HB (D.N.J.) (ECF No. 16-1). Both Defendant and Sterling Data Company, LLC provide voter data to their clients, and both companies now assert as-applied challenges to Daniel's Law arguing they are each entitled to heightened protections under the First Amendment because they engage in political speech. (ECF No. 73, 85); *ibid.* Therefore, responsive to this Court's directive to not unnecessarily re-brief and re-litigate issues already before the Court, and pursuant to Local Rule 7.1(d)(4), Plaintiffs' moving papers incorporated their briefing in the *Sterling* matter to support the instant Motion to Dismiss.

**A.    Defendant Fails To Identify Any Specific Speech It Engages In That Would Constitute Political Speech.**

Accepting all of Defendant's factual allegations as true, Defendant has failed to allege what speech, if any, in which it engages that entitles Defendant to heightened protections under the First

3

Amendment for political speech. (ECF No. 85). At its core, Defendant's counterclaims restate facts already included in the Complaint, adding that Defendant's business primarily consists of disclosing voter data to political entities. *Ibid*. Although Defendant's opposition explains at length its <u>clients'</u> use for Defendant's data[1], Defendant fails to explain what speech it engages in that constitutes "core political speech."

In an effort to close the gap between Defendant's lack of speech and their <u>client's</u> political speech, Defendant contends that courts "commonly" find that the selling of voter data is itself political speech. (ECF No. 85 at 11). Tellingly, however, Defendant fails to cite to a single case in the Third Circuit that evidences this "common" holding. Instead, Defendant cites to *Brayshaw v. City of Tallahassee, Fla.*, 709 F. Supp. 2d 1244 (N.D. Fla. 2010) and *Publius v Boyer-Vine*, 237 F. Supp. 3d 997 (E.D. Cal. 2017).

In *Brayshaw*, an individual posted publicly available information to Ratemycop.com. 709 F. Supp. 2d at 1247. The Northern District of Florida concluded that the individual's post was political and related to a legitimate public interest because "[t]he publication of truthful personal information about police officers is linked to the issue of police accountability[.]" *Id.* at 1249. In *Publius*, an individual posted to his blog the contact information for 40 California legislators, obtained from a commercial vendor like Defendant. 237 F. Supp. 3d at 1004. The individual made the blog post to protest the legislators' vote in favor of a bill that established a tracking system for all ammunition purchased in California. *Id.* at 1003. The Eastern District of California concluded that, although a legislator's home address and phone number may not alone qualify as a "matter of public

---

[1] ECF No. 85 at 10 (Defendant's <u>clients</u> use Defendant's data to "facilitate the political advocacy"); *id.* at 11 ("[I]t is important to consider [Defendant's] <u>clients</u> and how they use [Defendant's] data.")(emphasis added); *id.* at 14 (explaining that if Defendant cannot provide contact information for covered persons who sent Defendant take down notices, Defendant's <u>clients'</u> "ability to engage in political outreach" will be limited").

4

significance," in the context of a political protest, the plaintiff's speech amounted to core political speech. *Id.* at 1014.

Neither *Brayshaw* nor *Publius* stand for the proposition that the sale or licensing of data may constitute political speech. Moreover, both cases are from trial courts outside of New Jersey, both cases analyze different statutes, and both cases surround events that took place years before Judge Salas' son was murdered and Daniel's Law was enacted. *See Brayshaw*, 709 F. Supp. 2d at 1246; *Publius*, 237 F. Supp. 3d at 1003. Consequently, both cases are factually distinct from the present matter, and fail to support Defendant's argument.

Ultimately, Defendant fails to offer any supporting authority for its argument that the sale of data, by itself, constitutes core political speech. (ECF No. 85). Defendant does not argue that it directs its clients to use Defendant's data to support specific political goals. Defendant's clients license the data for their own self-directed use. The fact that Defendant's clientele happens to be predominately political organizations, without more, cannot convert Defendant's data into political speech. Accordingly, Counterclaim Two must be dismissed.

B. **Daniel's Law Satisfies Both The *Florida Star* Test And Strict Scrutiny.**

In 2024, this Court determined that Daniel's Law is properly evaluated using the *Florida Star* test, instead of strict scrutiny. *Atlas Data Priv. Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322 (D.N.J. 2024). Unlike strict scrutiny, the *Florida Star* test resolves the tension between privacy statutes and the right to free speech inherent in the First Amendment.. *Id.* at 336-37.

Defendant's opposition asks this Court to ignore its decision in *We Inform*, and apply strict scrutiny to evaluate Defendant's as-applied challenge to Daniel's Law. (ECF No. 85 at 13-15). Defendant acknowledges that there is a "compelling state interest in protecting the safety of law enforcement officers and judges," but argues that Daniel's Law is not narrowly tailored as applied to Defendant. *Id.* at 14. Specifically, Defendant contends that, because Daniel's Law restricts a

5

subscription-based platform that works with political entities, the law is not narrowly tailored to support Daniel's Law's compelling state interest. *Ibid.*

In making this argument, Defendant draws an arbitrary and irrelevant distinction between its clients and the public. Defendant argues further that its vetting process and high subscription fees eliminate the need for the protections afforded covered persons under Daniel's Law. *Id.* at 14 ("[Defendant] makes its data available only to its customers, which [Defendant] individually vets and which each pay a substantial subscription fee to license [Defendant's] data."). To be clear, Daniel's Law is limited to specific categories of current and former public officials, only applies to a covered person's home address and their unpublished telephone number, and only imposes liability if a covered person invokes the protections manifest in Daniel's Law by providing notice. *Kratovil v. City of New Brunswick*, 261 N.J. 1, 26-27 (2025). The Legislature is not required simply to trust that data brokers, like Defendant, will protect covered persons through unspecified vetting processes and high subscription fees. Accordingly, Daniel's Law is narrowly tailored as applied to Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiff's Motion to Dismiss with prejudice.

January 16, 2026

                         **PORZIO, BROMBERG & NEWMAN, P.C.**

                         By:   s/Vito A. Gagliardi, Jr.

                         Vito A. Gagliardi, Jr., Esq.
                         Alfred R. Brunetti, Esq.
                         Sarah A. Wisniewski, Esq.
                         100 Southgate Parkway
                         Morristown, NJ 07960
                         Tel: 973-538-4006
                         Email: vagagliardi@pbnlaw.com

                         **PEM LAW LLP**
                         Rajiv D. Parikh, Esq.
                         Kathleen Barnett Einhorn, Esq.
                         Jessica A. Merejo, Esq.
                         1 Boland Drive, Suite 101
                         West Orange, New Jersey 07052

                         *Counsel for Plaintiffs Atlas Data Privacy Corporation, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026 I caused a copy of the foregoing *Reply Brief in Further Support of Plaintiffs' Motion to Dismiss Defendant's Counterclaims* to be served by the Court's CM/ECF system, which will send notification via email to counsel of record.

s/Vito A. Gagliardi, Jr.
Vito A. Gagliardi, Jr.

10127646